# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# LOUISVILLE DIVISION

**PARNELL F. SCALES**                                                                           **PLAINTIFF**

**v.**                                             **CIVIL ACTION NO. 3:17CV-P384-JHM**

**KENTUCKY STATE REFORMATORY et al.**                           **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

Plaintiff Parnell F. Scales, a convicted prisoner at the Kentucky State Reformatory (KSR), filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 (DN 1). Thereafter, he filed a document titled "Affidavit" (DN 6), which the Court construes as an amendment/supplement to the complaint. This matter is before the Court on initial review of the complaint and its amendment/supplement pursuant to 28 U.S.C. § 1915A. For the reasons that follow, a portion of the claims will continue, others will be dismissed, and Plaintiff will be given an opportunity to amend his complaint.

## I.

Plaintiff brings suit against KSR, Warden Aaron Smith, "Correctional Care Solution" (CCS), and Corrections Officer/Guard Mrs. Bunnell. He sues Defendants Smith and Bunnell in their individual and official capacities. Plaintiff claims that his Eighth Amendment right to adequate medical care was violated and that medical personnel are not trained to respond to emergencies and are unqualified. Plaintiff additionally alleges state-law claims of negligence and intentional infliction of emotional distress.

According to the complaint and its amendment/supplement, on May 30, 2017, Defendants KSR and CCS sent him to Norton Hospital "to have surgery on left arm for dialysis tap in the main artery of his arm." He states that a few days later, he returned to KSR, and on June 7, "a physicians' assistants of [CCS] remove the staple and stickis around the dialysis tap

and without the Doctor approver from Norton Hospital. This physicians' assistants cannot lawfully be assigned, or try to perform, tasks beyond their training and no adequate supervision."[1] Thereafter, reports Plaintiff, on June 11, he was taking a shower "and the dialysis tap in artery came out of his artery and almost blood to dead because medical counld not get to [him] in time." He explains that Defendant Bunnell was not at her post or desk at the time but was "out in the yard setting under the awning with other prisoners." Plaintiff states that he started calling for help and another inmate went to the yard to get Defendant Bunnell, who "was very slow in get inside to help [Plaintiff] with medical emergencies at least 5-10 min." He asserts that Defendant Bunnell called for medical help; that "it took them 20-30 min. to get to [Plaintiff] because the Door was lock between Medical and DAL Dorm"; that it took "Medical" almost an hour to get a supervisor; and that they then transported him back to the hospital.

> Went I get back from the Hospital Doctor Van Hellen start making threat against me and I am afaired for my life. It started on July 19, 2017, he said his uncle had one and threat me by saiding that I could died because of my health. I have written Warden Aaron Smith about the threat and Mr. Smith refuse to do anything to stop the threats. He refuse to answer my letter. Because he did not it on record, because he want to cover this medical promblem up.

As relief, Plaintiff seeks monetary and punitive damages, an injunction directing "proper medical needs," and costs.

## II.

Because Plaintiff is a prisoner seeking relief against governmental entities, officers, and/or employees, this Court must review the complaint under 28 U.S.C. § 1915A. Under

---

[1] In the amendment/supplement, Plaintiff claims that "[CCS] Doctor Van Hellen look at my arm and said to [Plaintiff] these pins are ready to come out. So he cutted one of the pins out and it started to Bleed and then I said to him these pins was not ready to come out of my arm." Plaintiff claims that Dr. Van Hellen "did not have promise from Doctor Levine [doctor at Norton's Hospital] to remove these pins."

2

§ 1915A, the Court must review the complaint and dismiss the complaint, or any portion of the complaint, if the Court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The trial court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

### A. *Kentucky State Reformatory*

KSR is part of the Kentucky Department of Corrections (DOC). The DOC is a department within the Justice and Public Safety Cabinet of the Commonwealth of Kentucky. *See* Exec. Order No. 2004-730 (July 9, 2004); Ky. Rev. Stat. § 12.250. A state and its agencies are not "persons" subject to suit under § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *see also Crockett v. Turney Ctr. Indus. Prison*, No. 96-6067, 1997 WL 436563, at *1 (6th Cir. Aug. 1, 1997) ("The prison is a state agency. . . . A state agency is not considered a 'person' subject to suit under 42 U.S.C. § 1983."). Because KSR is not a "person" under the Act, the Court will dismiss the claims against KSR for failure to state a claim upon which relief may be granted.

Additionally, the Eleventh Amendment acts as a bar to all claims for relief against KSR. A state and its agencies, such as the DOC, may not be sued in federal court, regardless of the relief sought, unless the state has waived its sovereign immunity under the Eleventh Amendment or Congress has overridden it. *Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 146 (1993); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 124 (1984); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978). The Commonwealth of Kentucky has not waived its immunity, *see Adams v. Morris*, 90 F. App'x 856, 857 (6th Cir. 2004), and in enacting § 1983, Congress did not intend to override the traditional sovereign immunity of the states. *Whittington v. Milby*, 928 F.2d 188, 193-94 (6th Cir. 1991) (citing *Quern v. Jordan*, 440 U.S. 332, 341 (1979)).

### B. *Section 1983 Official-Capacity Claims for Damages*

The official-capacity claims for damages against Defendants Smith and Bunnell will be dismissed on two bases. First, these Defendants are not "persons" subject to suit within the

meaning of § 1983 when sued in their official capacity for monetary damages. *Will v. Mich. Dep't of State Police*, 491 U.S. at 71 (concluding that a state, its agencies, and its officials sued in their official capacities for monetary damages are not considered persons for the purpose of a § 1983 claim*)*; *Burrell v. Sumner*, No. 97-3705, 1998 WL 786979, at *1 (6th Cir. Oct. 29, 1998) (finding that state employees sued in their official capacity are not persons who may be sued for damages under § 1983). Second, Defendants, as state officials and employees sued in their official capacity for damages, are absolutely immune from § 1983 liability under the Eleventh Amendment to the United States Constitution. *Will v. Mich. Dep't of State Police*, 491 U.S. at 71; *see also Kentucky v. Graham*, 473 U.S. 159, 169 (1985) ("This [Eleventh Amendment] bar remains in effect when State officials are sued for damages in their official capacity.").

### *C. Section 1983 Individual-Capacity Claims against Defendant Smith*

Aside from Plaintiff listing him as a party to this action, Defendant Smith is mentioned only in the amendment/supplement when Plaintiff alleges, "I have written Warden Aaron Smith about the threat and Mr. Smith refuse to do anything to stop the threats. He refuse to answer my letter. Because he did not it on record, because he want to cover this medical promblem up." Plaintiff fails to state a constitutional claim against Defendant Smith in his individual capacity.

First, despite Plaintiff's complaint that Defendant Smith refused to stop threats against him, verbal abuse, harassment, and threats are insufficient to state a constitutional violation under § 1983. *See Ivey v. Wilson*, 832 F.2d 950, 955 (6th Cir. 1987); *see also Violett v. Reynolds*, 76 F. App'x 24, 27 (6th Cir. 2003) ("[V]erbal abuse and harassment do not constitute punishment that would support an Eighth Amendment claim."); *Clark v. Turner*, No. 96-3265, 1996 WL 721798, at *2 (6th Cir. Dec. 13, 1996) ("Verbal harassment or idle threats are generally not sufficient to constitute an invasion of an inmate's constitutional rights."); *Searcy v.*

5

*Gardner*, Civil No. 3:07-0361, 2008 WL 400424, at *4 (M.D. Tenn. Feb. 11, 2008) ("A claim under 42 U.S.C. § 1983 cannot be based on mere threats, abusive language, racial slurs, or verbal harassment by prison officials.").

Second, to the extent Plaintiff seeks to hold Defendant Smith liable based on his supervisory position as KSR Warden, the doctrine of *respondeat superior* does not apply in § 1983 actions to impute liability onto supervisors. *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978); *Taylor v. Mich. Dep't of Corr.*, 69 F.3d 76, 80-81 (6th Cir. 1995); *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984). "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676; *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999) (stating that supervisory liability "must be based on active unconstitutional behavior and cannot be based upon 'a mere failure to act'") (quoting *Salehpour v. Univ. of Tenn.*, 159 F.3d 199, 206 (6th Cir. 1998)). "[S]imple awareness of employees' misconduct does not lead to supervisor liability." *Leary v. Daeschner*, 349 F.3d 888, 903 (6th Cir. 2003) (citing *Lillard v. Shelby Cty. Bd. of Educ.*, 76 F.3d 716, 728 (6th Cir. 1996)).

Plaintiff fails to allege that Defendant Smith was actively involved in any of the alleged wrongdoing. "In order for supervisory liability to attach, a plaintiff must prove that the official 'did more than play a passive role in the alleged violation or showed mere tacit approval of the goings on.'" *Loy v. Sexton*, 132 F. App'x 624, 626 (6th Cir. 2005) (quoting *Bass v. Robinson*, 167 F.3d 1041, 1048 (6th Cir. 1999)). The Court, therefore, will dismiss the § 1983 individual-capacity claims against Defendant Smith for failure to state a claim upon which relief can be granted.

### D. Remaining Claims

Upon consideration, the Court will allow the federal Eighth Amendment claims of deliberate indifferent to a serious medical need to continue against Defendant Smith in his official capacity, Defendant Bunnell in her individual and official capacities, and Defendant CCS (failure to train) and will allow the state-law claims of negligence and intentional infliction of emotional distress to continue against Defendants Smith, Bunnell, and CCS.

The Court will allow Plaintiff to file an amended complaint to sue in their individual capacities the unidentified physician's assistant, Dr. Van Hellen, or any other person whom he alleges denied him medical treatment or otherwise violated his constitutional rights and to specify how each individual Defendant violated his rights. *LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013) (allowing for amendment).

### III. <u>ORDER</u>

For the foregoing reasons, **IT IS ORDERED** as follows:

(1) All claims against KSR are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted and as barred by the Eleventh Amendment.

(2) The § 1983 official-capacity claims for damages against Defendants Smith and Bunnell are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) and (2), respectively, for failure to state a claim upon which relief may be granted and for seeking damages from Defendants immune from such relief.

(3) The § 1983 individual-capacity claims against Defendant Smith are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

(4)  **The following claims shall proceed on initial review: the federal Eighth Amendment claims of deliberate indifference to a serious medical need against Defendant Smith in his official capacity, Defendant Bunnell in her individual and official capacities, and Defendant CCS (failure to train) and will allow the state-law claims of negligence and intentional infliction of emotional distress to continue against Defendants Smith, Bunnell, and CCS.**  In allowing these claims to continue, the Court passes no judgment on the merit and ultimate outcome of these claims.  The Court will enter a separate Order Regarding Service.

(5)  Within **30 days** from the entry date of this Memorandum Opinion and Order, **Plaintiff may file an amended complaint** (1) to name as Defendants those individuals (the unidentified physician's assistant, Dr. Van Hellen, or any other person(s)) allegedly responsible for his denied medical treatment; to sue them in their individual capacities; and to describe the facts surrounding each individual's involvement in his claims.

(6)  The **Clerk of Court is DIRECTED** to send Plaintiff a § 1983 form with the instant case number and "Amended" written in its caption and to send him four blank summons forms for his use should he choose to file an amended complaint.

The Court will enter a Scheduling Order either following initial review of any amended complaint pursuant to 28 U.S.C. § 1915A or upon expiration of time in which to file such pleading, if none is filed.

Date: January 4, 2018

                                                  **Joseph H. McKinley, Jr., Chief Judge**
                                                  **United States District Court**

cc:    Plaintiff, *pro se*
       Defendants
       General Counsel, Justice & Public Safety Cabinet, Office of Legal Counsel
4414.005