UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

PARNELL F. SCALES                                                                PLAINTIFF

v.                                              CIVIL ACTION NO. 3:17CV-P384-JHM

KENTUCKY STATE REFORMATORY et al.                              DEFENDANTS

## MEMORANDUM OPINION AND ORDER REGARDING SERVICE

Plaintiff Parnell F. Scales, a convicted inmate incarcerated at the Kentucky State Reformatory (KSR), filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 (DN 1). Thereafter, he filed a document titled "Affidavit" (DN 6), which the Court construed as an amendment/supplement to the complaint. On initial review of the complaint and its amendment/supplement pursuant to 28 U.S.C. § 1915A (DN 9), the Court dismissed some claims and allowed the following claims to continue: (1) the federal Eighth Amendment claims of deliberate indifference to a serious medical need against Defendant Smith in his official capacity, Defendant Bunnell in her individual and official capacities, and Defendant Correct Care Solutions, LLC (CCS) (failure to train); and (2) the state-law claims of negligence and intentional infliction of emotional distress (IIED) against Defendants Smith, Bunnell, and CCS. The Court also provided Plaintiff an opportunity to file an amended complaint (1) to name as Defendants those individuals (the unidentified physician's assistant, Dr. Van Hellen, or any other person(s)) allegedly responsible for his denied medical treatment; to sue them in their individual capacities; and to describe the facts surrounding each individual's involvement in his claims.

Plaintiff filed an amended complaint (DN 13), which is currently before the Court for initial review under § 1915A. In the amended complaint, Plaintiff sues Ron Hellen, a CCS physician assistant at KSR, and Mrs. Martha, CCS Head Nurse at KSR, in their individual and official capacities. He alleges that on June 7, 2017, Defendant Hellen "remove the staple and stickis around the dialysis tape and without the Doctor approver from Norton Hospital. [Defendant] Mrs. Martha try to help him because it start to Bleed and wrap it up." Plaintiff claims that Defendant Hellen "cannot lawfully be assigned, or try to perform, task beyond his training and No Doctor adequate supervision." Plaintiff states that on June 11, 2017, he was taking a shower "and the Dialysis Tap in main artery came out and almost Blood to Dead because of [Defendant] Hellen removing staple and stickis to early."

Plaintiff also claims that when he returned from the hospital after almost bleeding to death, Defendant Hellen "start making threat against me and I am afaired for my life in Dialysis ever time I go to Dialysis. He threat me Verbal by saiding I could died because of my health. He has tried to scare me from filing this lawsuit. [Defendant Hellen] is refusing proper medical and proper Dialysis."

**Upon initial review, the Court will allow the amended complaint to continue. Specifically, the Court allows the Eighth Amendment claims of deliberate indifference to a serious medical need to continue against Defendants Hellen and Mrs. Martha in their individual and official capacities; the retaliation claim to continue against Defendant Hellen in his individual capacity; and the state-law claims of negligence and IIED to continue against Defendants Hellen and Mrs. Martha**.

"[W]hen a plaintiff is proceeding in forma pauperis the court is obligated to issue plaintiff's process to a United States Marshal [USM] who must in turn effectuate service upon the defendants . . . ." *Byrd v. Stone*, 94 F.3d 217, 219 (6th Cir. 1996); Fed. R. Civ. P. 4(c)(3). In an effort to alleviate the burden on the USM, the Court attempts to secure a waiver of service of process when possible. Since counsel already represents CCS, for whom Plaintiff indicates Defendants Hellen and Mrs. Martha work, the Court will seek waiver of service for those two Defendants from CCS counsel. Absent a waiver in this case, the Court will direct service by the USM. Accordingly,

**IT IS ORDERED that Megan P. O'Reilly, counsel for served Defendant CCS, shall have <u>21 days</u> from the entry date of this Order to submit a notice of waiver of service on behalf of Defendants Hellen and Mrs. Martha.**

**If counsel elects not to waive service for Defendants, counsel must provide the Court with a last known or forwarding address for Defendants Hellen and Mrs. Martha within <u>21 days</u> from the entry date of this Order so that the Court may ensure service**. If the address is not public record, counsel shall file it **under seal**. The sealed address will be used only to effect service and will not be provided to Plaintiff. Further, if an address is provided, **the Clerk of Court is DIRECTED** to **prepare and issue summonses** for Defendants Hellen and Mrs. Martha at the provided addresses, and **the USM shall serve** a copy of the complaint (DN 1), amend/supplement (DN 6), and amended complaint (DN 13); the February 5, 2018, Memorandum Opinion and Order (DN 9); the instant Memorandum Opinion and Order Regarding Service; and summonses on Defendants Hellen and Mrs. Martha in accordance with Rule 4 of the Federal Rules of Civil Procedure.

A separate Scheduling Order will be entered to govern the development of all continuing claims.

Date: May 1, 2018

*Joseph H. McKinley*

**Joseph H. McKinley, Jr., Chief Judge
United States District Court**

cc: Plaintiff, *pro se*
 Counsel of record
 Defendants Hellen and Mrs. Martha
4414.005