UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

**PARNELL F. SCALES**                                                                                **PLAINTIFF**

**v.**                                                        **CIVIL ACTION NO. 3:17CV-P384-JHM**

**KENTUCKY STATE REFORMATORY** *et al.*                                              **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

Defendant Correct Care Solutions, LLC (CCS), by counsel, filed a motion to dismiss for failure to state a claim upon which relief may be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure (DN 14). Plaintiff, who is proceeding *pro se*, did not file a response. For the reasons that follow, Defendant's motion will be granted in part and denied in part.

**I.**

Because Plaintiff was a prisoner at the time he filed this action and "seek[ing] redress from a governmental entity or officer or employee of a governmental entity," 28 U.S.C. § 1915A(a), the Court was required to review the pleadings under 28 U.S.C. § 1915A(b), prior to service on Defendants. Under § 1915A(b), "the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint--(1) is frivolous, malicious, or *fails to state a claim upon which relief may be granted*; or (2) seeks monetary relief from a defendant who is immune from such relief." § 1915A(b)(1), (2) (emphasis added); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). On this initial review of the complaint (DN 1) and Plaintiff's amendment/supplement (DN 6) to the complaint, the Court allowed the following claims to proceed against Defendant CCS: (1) the Eighth Amendment claims of deliberate indifference to a serious medical need based on Plaintiff's claim that medical personnel are not trained to

respond to emergencies and are unqualified; and (2) the state-law claims of negligence and intentional infliction of emotional distress.

Defendant CCS now moves the Court to dismiss the claims against it pursuant to Rule 12(b)(6). The dismissal standard under § 1915A(b) "is the same standard that this court uses to evaluate dismissals under Federal Rule of Civil Procedure 12(b)(6)." *Davis v. Prison Health Servs.*, 679 F.3d 433, 437 (6th Cir. 2012) (citing *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010)). As another district court stated, "a motion to dismiss under Rule 12(b)(6) is almost never an appropriate response when the court has already screened a prisoner complaint pursuant to 28 U.S.C. § 1915A(b) and directed the defendant to respond." *Moreno v. Beddome*, No. CV 11-2333-PHX-DGC, 2012 WL 3150205, at *2 (D. Ariz. Aug. 2, 2012).

Under both § 1915A and Rule 12(b)(6), to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The complaint need not contain "detailed factual allegations," yet must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (citing *Twombly*, 550 U.S. at 555). In addition, "[a] pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009)

(citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). With the foregoing in mind, the Court will address the merits of the instant motion.

## II.

In its motion to dismiss, Defendant CCS seeks dismissal arguing (1) it is immune from liability under the Eleventh Amendment; (2) the claims for supervisory liability should be dismissed for failure to state a claim; (3) Plaintiff failed to exhaust administrative remedies on his claims against it; and (4) Plaintiff's state-law claims should be dismissed for failure to state a claim or because the Court should decline to exercise jurisdiction over them because Plaintiff's Eighth Amendment claims should be dismissed.

As to Defendant's argument that it is entitled to Eleventh Amendment immunity, CCS is a private entity,[1] not an arm of the state or state agency to which that Amendment applies. Instead, the Sixth Circuit has held that the municipal-liability analysis applies to § 1983 claims against a private corporation like CCS. *See Street v. Corr. Corp. of Am.*, 102 F.3d 810, 818 (6th Cir. 1996) ("*Monell* involved a municipal corporation, but every circuit to consider the issue has extended the holding to private corporations as well.").

While Defendant CCS is correct that "a municipality cannot be held liable *solely* because it employs a tortfeasor -- or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory," *Monell*, 436 U.S. at 691, the Court did not allow Plaintiff's § 1983 claims to continue against Defendant CCS based on a *respondeat superior* theory. Instead, the Court allowed Plaintiff's Eighth Amendment claims of deliberate indifference to a

---

[1] The Sixth Circuit has held that "[i]t is clear that a private entity which contracts with the state to perform a traditional state function such as providing medical services to prison inmates may be sued under § 1983 as one acting 'under color of state law.'" *Hicks v. Frey*, 992 F.2d 1450, 1458 (6th Cir. 1993) (quoting *West v. Atkins*, 487 U.S. 42, 54 (1988)). CCS has apparently contracted with the Kentucky State Reformatory to provide medical services to the inmates. Thus, while CCS may be a "state actor" as defined in § 1983, it is not an arm of the Commonwealth of Kentucky or one of its agencies entitled to Eleventh Amendment immunity.

3

serious medical need to continue against Defendant CCS based on Plaintiff's claim that medical personnel are not trained to respond to emergencies and are unqualified. *See Street v. Corr. Corp. of Am.*, 102 F.3d at 817 (indicating that liability must be based on a policy or custom of the contracted private entity or "the inadequacy of [an employee's] training").

As to Defendant's argument that Plaintiff failed to exhaust his available administrative remedies, "inmates are not required to specially plead or demonstrate exhaustion in their complaints." *Jones v. Bock*, 549 U.S. 199, 216 (2007). "[F]ailure to exhaust administrative remedies under the [Prison Litigation Reform Act (PLRA)] is *an affirmative defense that must be established by the defendants.*" *Napier v. Laurel Cty. Ky.*, 636 F.3d 218, 225 (6th Cir. 2011) (citing *Jones v. Bock*, 549 U.S. at 204) (emphasis added). The Sixth Circuit has concluded that the exhaustion affirmative defense is best raised in a motion for summary judgment. *See, e.g.*, *Rembisz v. Lew*, 590 F. App'x 501, 504 (6th Cir. 2014); *LaFountain v. Martin*, 334 F. App'x 738, 740 (6th Cir. 2009) (quoting Fed. R. Civ. P. 56(c)). The Sixth Circuit came to this conclusion because proof of lack of exhaustion generally requires resort to matters outside the pleadings, such as affidavits or documentary evidence. *Wysocki v. Int'l Bus. Mach. Corp.*, 607 F.3d 1102, 1104 (6th Cir. 2010) (holding that when "matters outside the pleadings are presented to and not excluded by the court," a motion to dismiss must be treated as a motion "for summary judgment under Rule 56") (quoting Fed. R. Civ P. 12(d)). In merely alleging that "a review of Plaintiff's Complaint demonstrates that he failed to exhaust any administrative remedies relative to the alleged conduct of CCS," Defendant CCS has failed to demonstrate Plaintiff's failure to exhaust administrative remedies.

Lastly, as to Plaintiff's state-law claims, Defendant CCS's bare argument that Plaintiff failed to plead his claims of negligence against CCS with requisite particularity is insufficient to cause the Court to dismiss the claim on motion to dismiss.

The Court, however, agrees with Defendant CCS's argument that Plaintiff's claim of intentional infliction of emotional distress (IIED) must be dismissed. "[A]n IIED claim cannot be pled by itself, in tandem with another claim, or in the alternative as long as some other claim with adequate relief [providing for emotional distress damages] fits the facts." *Grace v. Armstrong Coal Co.*, No. 4:08CV-109-JHM, 2009 WL 366239, at *3 (W.D. Ky. Feb. 13, 2009) (citing *Carter v. Porter*, 617 F. Supp. 2d 514, 520 (E.D. Ky. 2008)). The same reasoning applies here. The constitutional tort of deliberate indifference and the tort of negligence are available to Plaintiff in order to recover for emotional distress. Accordingly, Plaintiff's IIED claim must be dismissed. *See Martin v. Crall*, No. 3:05CV-P399-H, 2007 WL 2083682, at *5 (W.D. Ky. July 18, 2007) (dismissing prisoner's IIED claim when constitutional tort of deliberate indifference and tort of negligence were available to prisoner).

### III.

Accordingly,

**IT IS ORDERED** that Defendant CCS's motion to dismiss for failure to state a claim (DN 14) is **GRANTED in part and DENIED in part**. The motion is granted with respect to the IIED claim and denied in all other respects.

**IT IS FURTHER ORDERED** that Defendant CCS shall file its answer within **14 days** of entry of this Order. *See* Fed. R. Civ. P. 12(a)(4)(A).

Date: August 22, 2018

*[Signature]*

**Joseph H. McKinley, Jr., Chief Judge**
**United States District Court**

cc: Plaintiff, *pro se*
  Counsel of record
4414.005