UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | | |
|---|---|---|
| PARNELL SCALES, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 3:17-cv-00384-CHB-CHL |
| | ) | |
| v. | ) | |
| | ) | |
| CORRECT CARE SOLUTIONS, LLC, et al., | ) | **MEMORANDUM OPINION AND ORDER** |
| | ) | |
| Defendants. | ) | |
| | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court on the Motion for Summary Judgment filed by Defendants Aaron Smith and Janet Bunnell [R. 85]. Plaintiff Parnell Scales filed a Response [R. 87], which was corrected due to a filing error. [R. 88] Defendants did not file a reply. The motion is ripe for review. Because Plaintiff did not exhaust his administrative remedies before bringing suit, the Court will grant Defendants' Motion for Summary Judgment.

**I.      Factual and Procedural Background**

This action stems from an incident at the Kentucky State Reformatory (KSR) in LaGrange, Kentucky. [R. 1-2, p. 1] Plaintiff, a former inmate, alleges he was denied proper medical care when, on June 11, 2017, a dialysis tap in his artery dislodged and caused massive bleeding. *Id.* at 1–2. Plaintiff alleges that the nurses improperly removed the staple from the dialysis tap. *Id.* After the tap dislodged and Plaintiff started bleeding profusely, medical care was late to arrive and take him to the hospital. *Id.* at 2–3. Plaintiff claims that he wrote a letter to Defendant Smith about the incident and asked for resolution, to which Deputy Warden Anna

1

Valentine responded on July 10, 2017, maintaining that staff responded appropriately. [R. 13-2; R. 88, p. 4] Plaintiff admits that he did not go through the prison's grievance process to report this incident. [R. 77-1, pp. 2–3]

Originally proceeding *pro se*,[1] on June 26, 2017 Plaintiff brought this action against KSR, the warden of KSR (Defendant Smith), the corrections officer on duty (Defendant Bunnell), KSR's medical care provider (Correct Care Solutions), and two nurses.[2] [R. 1, p. 2; R. 13, p. 2] Another medical contractor (Kidney Care Consultants) was later added to the action. [R. 60] All individuals (Defendant Smith, Defendant Bunnell, and the two nurses) were sued in both their individual and official capacities. [R. 1, p. 2; R. 13, p. 2] Plaintiff asserted federal claims under the Eighth Amendment's requirement of adequate medical care while incarcerated, as well as state claims for negligence and intentional infliction of emotional distress. [R. 1-2, p. 1; R. 13, p. 5] He requested monetary and punitive damages, costs, and an injunction for proper medical care.[3] [R. 1, p. 4; R. 13, p. 6] Since Plaintiff proceeded *in forma pauperis*, under 28 U.S.C. § 1915A the Court conducted an initial review of his claims.[4] [R. 9] The Court dismissed a number of claims, but allowed Plaintiff to proceed with his federal claims against Defendants Correct Care, Smith (in his official capacity), and Bunnell (in her individual and official capacities), and with his state claims against Defendants Correct Care, Smith, and Bunnell. *Id.* at 8. The remaining claims proceeded to discovery.

---

[1] Plaintiff has been represented by counsel since August 23, 2019. [R. 61]
[2] The nurses were originally misidentified in the Complaint and Amended Complaint [R. 1; R. 13]; eventually the correct names were added to this action. [R. 42; R. 47; R. 60]
[3] Plaintiff also submitted an Affidavit that requested a Temporary Restraining Order [R. 6]. The Court construed the Affidavit as an amendment to the Complaint and denied the request for a Temporary Restraining Order. [R. 8]
[4] Plaintiff's claims against the two nurses were not considered in this review, as they had not yet been properly served. Plaintiff's claims against the nurses, as well as Kidney Care Consultants, proceeded to discovery. [*See* R. 66; R. 67]

Certain defendants previously moved for summary judgment. [R. 77; R. 78] On July 10, 2020, Magistrate Judge Colin Lindsay recommended granting summary judgment to Defendants Correct Care, Kidney Care, and the nurses on all claims. [R. 86; R. 92] Magistrate Judge Lindsay found that Plaintiff failed to administratively exhaust his remedies as to both the federal and state claims pursuant to the Prison Litigation Reform Act ("PLRA") and Ky. Rev. Stat. § 454.415, per the grievance process at KSR as outlined in Kentucky Corrections Policies & Procedures ("CPP") 14.6. [R. 86, pp. 7–8; R. 92, p. 1] Because both state and federal law require incarcerated claimants to exhaust the administrative remedies available through the grievance procedures at their prison, and here Plaintiff merely wrote a letter to Defendant Smith, summary judgment for the defendants was appropriate. [*Id.* at 12–15; R. 92] Plaintiff failed to object to Judge Lindsay's Report and Recommendations, and this Court adopted the Report and Recommendations, granting summary judgment to those defendants. [R. 90; R. 93]

In this Motion, Defendants Smith and Bunnell, the only remaining defendants, argue that summary judgment is appropriate on three grounds. First, when Plaintiff submitted an amended complaint [R. 13], he omitted Defendants Smith and Bunnell and failed to incorporate the claims from the original Complaint [R. 1] into his Amended Complaint. [R. 85-1, p. 3] Defendants argue that the Amended Complaint should supersede all prior complaints, so Plaintiff effectively abandoned his claims against Defendants. *Id.* Second, Plaintiff failed to exhaust his administrative remedies through the process outlined in CPP 14.6, as required by both federal and state law. *Id.* at 4–5, 8. Third, Plaintiff's state and federal claims fail on the merits. *Id.* at 5–7, 9–12. In response, Plaintiff argues that his letter to Defendant Smith constitutes constructive exhaustion of his administrative remedies and that he can show the elements of negligence. [R.

88, pp. 3–5] Plaintiff did not address the merits of his claims under the Eighth Amendment and intentional infliction of emotional distress. Because the Court will grant the Motion on failure to exhaust, the Court will not address the other grounds advanced by Defendants.

## II. Legal Standard

Summary judgment is appropriate where "there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). Summary judgment should be granted if a party who bears the burden of proof at trial does not establish an essential element of its case. *Tolton v. Am. Biodyne, Inc.*, 48 F.3d 937, 941 (6th Cir. 1995). In determining whether summary judgment is appropriate, a court must resolve all ambiguities and draw all reasonable inferences against the moving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

Once the party moving for summary judgment establishes the absence of a genuine issue of material fact, the burden shifts to the non-moving party, who must then produce specific facts demonstrating a genuine issue of fact for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249–50 (1986); *accord Allstate Ins. Co. v. Coffey*, 796 F. Supp. 1017, 1018 (E.D. Ky. 1992). The non-moving party must "produce evidence that results in a conflict of material fact to be solved by a jury." C*ox v. Ky. Dep't of Transp.*, 53 F.3d 146, 149 (6th Cir. 1995). A fact is "material" only if its resolution will affect the outcome of the lawsuit. *Liberty Lobby,* 477 U.S. at 248. If the evidence presented is "merely colorable" and not "significantly probative," the Court may decide the legal issue and grant summary judgment. *Id*. at 249.

## III. Discussion

The Court previously ruled that Plaintiff failed to exhaust his administrative remedies

before filing this Complaint, which provided grounds for granting summary judgment to other defendants. [R. 90; R. 93] The Court will do so again here.

A. Federal Claims

PLRA § 1997e(a) requires a prisoner suing because of prison conditions to first exhaust available administrative remedies. *See Porter v. Nussle*, 534 U.S. 516, 532 (2002). "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion is "mandatory but not jurisdictional, and applies to all federal claims seeking redress for prison circumstances or occurrences regardless of the type of relief being sought." *Lee v. Willey,* 789 F.3d 673, 677 (6th Cir. 2015). One purpose of the exhaustion requirement is to give prison officials an opportunity to take corrective action and potentially avoid litigation. *Porter*, 534 U.S. at 525.

As an initial matter, Plaintiff must exhaust administrative remedies in this case even though he is not currently incarcerated, because a plaintiff's status as a prisoner for purposes of the statute is determined at the time he or she files suit. *Cox v. Mayer*, 332 F.3d 422, 424–25 (6th Cir. 2003); *Siler v. Baldwin,* No. 08-15077, 2011 WL 6371012, at *3 (E.D. Mich. Dec. 20, 2011).

Non-exhaustion is an affirmative defense under the PLRA, and Defendants "bear[] the burden of proving that [Plaintiff] has not exhausted his administrative remedies." *Surles v. Andison*, 678 F.3d 452, 456 (6th Cir. 2012). Where, as here, Defendants have moved for summary judgment, they must show that there is no "genuine dispute of material fact as to [Plaintiff's] exhaustion." *Id.*

5

To exhaust administrative remedies, an inmate must comply with the procedural rules governing administrative review at his or her prison—as defined "the prison's requirements, and not the PLRA." *Jones v. Bock*, 549 U.S. 199, 218 (2007). An inmate must comply with "deadlines and other critical procedural rules." *Woodford v. Ngo*, 548 U.S. 81, 90 (2006).

"The Supreme Court has identified three circumstances in which an administrative remedy is 'unavailable' to a plaintiff, effectively excusing the exhaustion requirement: first, when prison 'officers [are] unable or consistently unwilling to provide any relief; second, when a grievance process is 'so opaque' that it is 'incapable of use'; and third, when prison officers 'thwart inmates from taking advantage of a grievance process.'" *Dahms v. Correct Care Solutions, LLC*, No. 3:18-cv-63, 2019 WL 4544350, at *3 (W.D. Ky. Sept. 19, 2019) (alteration in original) (quoting *Ross v. Blake*, 136 S. Ct. 1850, 1859–60 (2016)). "[P]rison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation." *Ross*, 136 S. Ct. at 1860. The fact that a plaintiff asks for a grievance form multiple times does not automatically exhaust administrative remedies. *Ratliff v. DeBaun*, 5:15-cv-155-TBR, 2017 WL 4365802, at *4 (W.D. Ky. Sept. 29, 2017). Instead, the prison officials must be "consistently unwilling" to aid the inmate. *Id.* at *5 (quoting *Ross*, 136 S. Ct. at 1859).

When an inmate makes affirmative efforts to comply with administrative procedures but does not actually comply, Sixth Circuit courts analyze whether those "efforts to exhaust were sufficient under the circumstances." *Napier v. Laurel County*, 636 F.3d 218, 223–24 (6th Cir. 2011). Writing a letter to prison officials outside of the grievance process is considered too informal to be "sufficient under the circumstances." *Shephard v. Wilkinson*, 27 F. App'x 526,

527 (6th Cir. 2001) ("While Shephard asserts that he has raised his complaints in numerous letters to prison and public officials, a prisoner must utilize the formal grievance process provided by the state; he cannot comply with the requirements of § 1997e(a) by informally presenting his claims."); *Smith v. Corr. Corp. of Am.*, No. 3:13-1152, 2014 WL 4655287, at *6 (M.D. Tenn. Sept. 16, 2014).

Defendants argue that in order to properly exhaust, Plaintiff was required to file a grievance per the grievance policy in effect at the time, CPP 14.6, within 5 days of the incident, name the officials involved, go through an informal resolution process, and request review by the Health Care Grievance Committee. [R. 85-1, p. 4; CPP 14.6] Because Plaintiff failed to follow the procedures outlined in CPP 14.6(K) and instead allegedly wrote a letter to Defendant Smith, Defendants argue that there is no genuine issue of material fact concerning Plaintiff's failure to exhaust administrative remedies prior to filing suit. [R. 85-1, pp. 4–5; R. 88, p. 4]

CPP 14.6 governs the grievance process in this case. *Luther v. White*, 2019 WL 511795, at *4–5 (W.D. Ky. Feb. 8, 2019). The Inmate Grievance Process in CPP 14.6(J) applies to all inmate grievances except health care grievances. The Health Care Grievance Process is separately set forth in CPP 14.6(K), which applies to "health care concerns including medical, dental, or mental health care services involving access to or the quality of these services." After a health care grievance is filed either the Institutional Health Authority or a designated medical professional shall respond and attempt an informal resolution. CPP 14.6(K)(1)(b)(2). "If the matter cannot be resolved informally, the grievant may request review by the Health Care Grievance Committee . . . by making a written request for committee review. . . ." CPP 14.6(K)(1)(c). "If the grievant is dissatisfied with the committee's recommendation, he may

appeal the grievance for final administrative review . . . before the Department of Corrections Medical Director's Office." CPP 14.6(K)(2)(g). The Medical Director must make a final decision on the grievance within 15 working days. CPP 14.6(K)(3).

Here, Plaintiff admitted that he did not file a grievance that complied with CPP 14.6. [R. 77-1, pp. 2–3] Instead, he submitted a letter to Defendant Smith, which he alleges he was instructed to do. [R. 88, p. 4] Plaintiff claims that Deputy Warden Valentine responded to the letter, stating that no action would be taken. *Id.* He did not believe "there were any other institutional remedies that he could pursue" because he "aired his grievances to the top of the command chain and they were met with no avail." *Id.* Plaintiff argues these actions show his willingness and desire to provide prison officials an opportunity to address his grievance, thus he has made a good faith effort to comply with the PLRA exhaustion requirement. *Id.* Because Defendant Smith directed Plaintiff to write a letter about his concerns, and Plaintiff did so, Plaintiff argues this was enough to constructively exhaust administrative remedies. *Id.*

Whether Plaintiff actually submitted a letter to Defendant Smith before filing suit is unclear, given that Plaintiff has not provided evidence of the letter and that the transcribed response from Deputy Warden Valentine was dated two weeks after his Complaint in this Court. [R. 13-2] But even assuming the letter was properly sent in time, and looking at the evidence in the light most favorable to Plaintiff, there is no genuine dispute that Plaintiff failed to exhaust his administrative remedies. He did not file a grievance that complied with the "critical procedural rules" of CPP 14.6(K). *See Woodford*, 548 U.S. at 90. There is no allegation of the remedy being unavailable: officials were not consistently unwilling to provide relief, and though (according to Plaintiff) Defendant Smith advised Plaintiff to write him a letter instead of going through the

grievance process, he did not thwart Plaintiff "through machination, misrepresentation, or intimidation." *See Ross*, 136 S. Ct. at 1859–60. In fact, Plaintiff had correctly filed grievances in the past for prior medical complaints, showing that he knew how to file a grievance. [R. 86, p. 12] Further, even if Plaintiff's letter to Defendant Smith counts as an affirmative effort to comply with administrative procedures, under the circumstances, an informal letter is not sufficient to exhaust administrative remedies. *See Shephard*, 27 F. App'x at 527.

Accordingly, Defendants have demonstrated there is no genuine dispute of material fact that Plaintiff failed to exhaust his administrative remedies. Once Defendants make this showing, Plaintiff is required to present "significant probative evidence" to defeat the motion for summary judgment. *See Liberty Lobby*, 477 U.S. at 249. Plaintiff has presented no evidence of compliance with the administrative process. The Court will grant Defendants' Motion for Summary Judgment on Plaintiff's federal claims.

B. <u>State Claims</u>

Defendants also argue that because Plaintiff failed to exhaust his administrative remedies as to his Eighth Amendment claims, Plaintiff's supplemental state law claims based on the same alleged facts should also be summarily adjudicated. [R. 85-1, p. 8]

Ky. Rev. Stat. § 454.415 requires exhaustion of administrative remedies prior to filing suit for conditions of confinement. *See Houston v. Fletcher*, 193 S.W.3d 276, 277 (Ky. Ct. App. 2006). "A court shall dismiss a civil action brought by an inmate for any of the reasons set out in subsection (1) of this section if the inmate has not exhausted administrative remedies . . . ." Ky. Rev. Stat. § 454.415(4). Courts interpreting § 454.415 are not bound by how federal courts have interpreted the PLRA, and the two statutes are not necessarily congruent in their scope or terms.

*Bailey v. Beckstrom*, No. 2006-CA-001349-MR, 2007 WL 1519521, at *2 (Ky. Ct. App. May 25, 2007). But in the absence of Kentucky cases interpreting § 454.415, this Court has relied on interpretations of the PLRA as persuasive authority in situations where the two statutes overlap. *See Burke v. Thompson*, 5:15-cv-7-TBR, 2016 WL 2587996, at *10–11 (W.D. Ky. May 4, 2016).

The case law interpreting § 454.415 counsels that Plaintiff has likewise failed to exhaust with respect to his state law claims. In *Thrasher v. Commonwealth*, 386 S.W.3d 132 (Ky. Ct. App. 2012), an inmate seeking good-time credits filed a grievance with the prison Grievance Committee, after which the warden dismissed the grievance and found it to be non-grievable (since the correct process was to go through the Offender Information Services office). *Id.* at 133–34. The inmate submitted an undated letter from Offender Information Services, apparently responding to his inquiry (although making no reference to good-time credits), as evidence that he exhausted administrative remedies. *Id.* at 134. The court held that this letter was not sufficient to exhaust administrative remedies. *Id.* This Court has also held that § 454.415 contains a more demanding exhaustion requirement than the PLRA; that is, so long as CPP sets forth applicable administrative remedies, they must be followed (and are not necessarily dependent on availability). *Morgan v. Kentucky*, 3:17-cv-474-JHM, 2018 WL 715468, at *5 (W.D. Ky. Feb. 5, 2018)

Accordingly, because Plaintiff also failed to file a grievance with respect to his state law claims, and for the same reasons articulated in the section regarding Plaintiff's federal claims, the Court finds that there is no genuine dispute of material fact that Plaintiff did not exhaust administrative remedies. Defendants' Motion for Summary Judgment will be granted as to Plaintiffs' state claims against Defendants.

## IV. Conclusion

For the reasons explained above, the Court will grant Defendants' Motion for Summary Judgment and dismiss all claims against Defendants. Accordingly, and the Court being otherwise sufficiently advised,

**IT IS HEREBY ORDERED** as follows:

1. Defendants' Motion for Summary Judgment [**R. 85**] is **GRANTED**.

2. A separate Judgment will be entered consistent with this Order.

This the 29th day of January, 2021.

*Claria Horn Boom*
CLARIA HORN BOOM,
UNITED STATES DISTRICT COURT JUDGE
EASTERN AND WESTERN DISTRICTS OF
KENTUCKY